IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-06-39-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| SHAUN DELMORE MORTENSON, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Mortenson of violating his conditions of supervised release by 1) being terminated from sex offender treatment, 2) failing to truthfully answer his Probation Officer's questions, 3) knowingly being in the company of a minor without an approved chaperone, and 4) entering an establishment where alcohol is the primary item of sale. Mr. Mortenson admitted to the violations. His supervised release should be revoked, and he should be sentenced to seven months custody, with a lifetime of supervised release to follow. As an additional condition of his supervised release, Mr. Mortenson is prohibited from possessing children's undergarments, as reflected in the judgment.

## II. Status

On July 30, 2007, Mr. Mortenson was sentenced to 135 months of custody,

followed by a lifetime of supervised release, after pleading guilty to Activities Relating to Material Constituting or Containing Child Pornography. (Doc. 253). Mr. Mortenson began his term of supervised release on February 19, 2016.

On March 8, 2016, the Probation Office filed a Report on Offender Under Supervision, reflecting Mr. Mortenson's refusal to sign the sex offender treatment rules. Mr. Mortenson was allowed to remain on supervised release after it was confirmed he had begun treatment.

On July 7, 2016, the Probation Office filed a Report on Offender Under Supervision, reflecting that Mr. Mortenson had pictures of underwear and Asian females on his phone, as well as erotica in his apartment. Mr. Mortenson was allowed to remain on supervised release, with a warning that further violations would referred to the Court.

On March 13, 2017, the Probation Office filed a Report on Offender Under Supervision, reflecting that Mr. Mortenson had not made payments toward his outstanding special assessment fee. Mr. Mortenson was allowed to remain on supervised release to secure employment.

On July 26, 2017, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision, accusing Mr. Mortenson of violating the conditions of his supervised release by exhibiting poor performance in his sex offender treatment. (Doc. 376). The petition was dismissed on October 12, 2017,

as Mr. Mortenson had made progress toward treatment. (Doc. 384).

### Petition

On December 5, 2017, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision, accusing Mr. Mortenson of violating the conditions of his supervised release. The petition alleged that on December 4, 2017, Mr. Mortenson was terminated from sex offender treatment. The petition also alleged that Mr. Mortenson was asked on December 4, 2017, whether he possessed any children's undergarments, which he denied. A subsequent search revealed several articles of children's undergarments. The petition also alleged that Mr. Mortenson stated during a polygraph exam that he had not ridden in any vehicles with minors without an approved chaperone, but that on December 4, 2017, Mr. Mortenson admitted that he accompanied his parents, who are not approved chaperones, to pick up his niece from school. Finally, the petition alleged during a polygraph examination on November 29, 2017, Mr. Mortenson admitted to purchasing alcohol for his parents. (Doc. 385). Based on the petition, Judge Morris issued a warrant for Mr. Mortenson's arrest. (Doc. 386).

### Initial appearance

Mr. Mortenson appeared before the undersigned for an initial appearance on March 29, 2018, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Ryan

Weldon represented the United States.

Mr. Mortenson said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to the undersigned conducting his revocation hearing. At the initial appearance, the Court was informed that Mr. Mortenson had not been receiving his medications. The Court ordered that the hearing be continued for one week in order for Mr. Mortenson to receive his medication.

When the hearing resumed on December 13, 2017, the Court ordered that Mr. Mortenson undergo a psychiatric or psychological evaluation to determine whether he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. 394). The Court also ordered that Mr. Mortenson undergo formal competency restoration procedures, to end no later than February 10, 2018. (Doc. 395).

**Revocation hearing**

On March 29, 2018, the Court resumed Mr. Mortenson's revocation hearing. Mr. Arvanetes represented Mr. Mortenson, and Assistant United States Attorney Ryan Weldon represented the United States. Mr. Mortenson admitted to the violations. The violations are serious and warrant revocation of his supervised release.

Mr. Mortenson's violation grade is Grade C, his criminal history category is

I, and his underlying offense is a Class C Felony. He could be incarcerated for up to twenty-four months. He is subject to a lifetime of supervised release. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes argued that Mr. Mortenson had already served over three months in custody, and that Mr. Mortenson was finally taking accountability for his actions, and that Mr. Mortenson was receiving support from his family. Mr. Mortenson exercised his right of allocution and stated that he would redouble his efforts to succeed, now that he is older and has learned from his treatment. Mr. Weldon recommended a guideline sentence of nine months custody with a lifetime of supervised release. He argued that Mr. Mortenson can fall of the rails fairly quickly and could lead to a dangerous situation. In addition, the United States asked the Court to modify Mr. Mortenson's conditions of supervised release to include as a condition that Mr. Mortenson is not allowed to possess children's undergarments. Mr. Mortenson and his counsel did not object to the condition.

### III.  Analysis

Mr. Mortenson's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to seven months custody, with a lifetime of supervised release to follow. As an additional condition of his supervised release, Mr. Mortenson is prohibited from possessing children's undergarments. This sentence would be sufficient but not greater than necessary

given the serious violation of the Court's trust.

## IV. Conclusion

Mr. Mortenson was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Shaun Delmore Mortenson violated the conditions of his supervised release by 1) being terminated from sex offender treatment, 2) failing to truthfully answer his Probation Officer's questions, 3) knowingly being in the company of a minor without an approved chaperone, and 4) entering an establishment where alcohol is the primary item of sale.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Mortenson's supervised release and committing him to the custody of the United States Bureau of Prisons for seven months in custody, with a lifetime of supervised release to follow. As an additional condition of his supervised release, Mr. Mortenson is prohibited from possessing children's undergarments, as reflected in the judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 3rd day of April, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge