IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN DELMORE MORTENSON,<br><br>Defendant. | CR 06-39-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Shaun Delmore Mortenson (Mortenson) has been accused of violating a condition of his supervised release. (Doc. 432). Mortenson admitted to the alleged violation. Mortenson's supervised release should be revoked. Mortenson should be sentenced to custody for a term of 8 months on both Count I and Count II, with the terms to run concurrently, and with a lifetime of supervised release to follow on both counts.

## II. Status

Mortenson pled guilty on April 17, 2007, to the offense of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) as charged in Count I of the Indictment and to the offense of Possession of Child Pornography, in violation of 18

U.S.C. § 2252A(a)(5)(b) as charged in Count II of the Indictment (Doc. 60). Mortenson was sentenced to 135 months of custody followed by a lifetime of supervised release on Count I and to 120 months of custody followed by a lifetime of supervised release on Count II, with the custodial terms to run concurrently. (Doc. 253). Mortenson's current term of supervised release began on August 6, 2023.

### Petition

On September 16, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Mortenson's supervised release. (Doc. 432). The Petition alleged Mortenson violated conditions of his supervised release by failing to successfully complete an outpatient sex offender treatment program by being terminated from sex offender treatment on September 16, 2024.

### Initial Appearance

Mortenson appeared before the Court on September 23, 2024. Mortenson was represented by counsel. Mortenson stated that he had read the Petition and that he understood the allegation against him. Mortenson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Mortenson appeared before the Court on September 23, 2024. Mortenson admitted that he had violated the conditions of supervised release as set forth in the

Petition by failing to successfully complete an outpatient sex offender treatment program by being terminated from sex offender treatment on September 16, 2024. Prior to sentencing, the Court ordered Mortenson to undergo a psychological evaluation to assist with treatment recommendations.

### Final Revocation hearing

Mortenson appeared before the Court on February 4, 2025. The Court noted the psychological forensic evaluation had been completed and provided to the parties. (Doc. 443). The Court further noted that Mortenson had previously admitted to violating the conditions of his supervised release as set forth in the Petition. Mortenson's violation is serious and warrants revocation of his supervised release.

### Sentencing hearing

Mortenson appeared before the Court on February 4, 2025. Mortenson's violations are Grade C. His criminal history category is I. Mortenson's underlying offenses are each a Class C felony. Mortenson could be incarcerated for up to 24 months. Mortenson could be ordered to remain on supervised release for 5 years to life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Mortenson's supervised release should be revoked. Mortenson should be sentenced to custody for a term of 8 months on both Count I and Count II, with the

terms to run concurrently, and with a lifetime of supervised release to follow on both counts. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Mortenson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Mortenson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Mortenson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

> The Court **FINDS**:
>
> That SHAUN DELMORE MORTENSON. has violated the conditions of his supervised release by failing to successfully complete an outpatient sex offender treatment program by being terminated from sex offender treatment on September 16, 2024.
>
> The Court **RECOMMENDS:**
>
> That the District Court revoke Mortenson's supervised release and sentence Mortenson to custody for a term of for a term of 8 months, on both Count I and Count II, with the terms to run concurrently, and with a lifetime of supervised release to follow on both counts.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of February 2025.

John Johnston
United States Magistrate Judge